**NOT FOR PUBLICATION**

**FILED**

JUL 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DERLY PESCA; JOSE ALEXANDER
DAZA VELANDIA; N.D.P,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3810

Agency Nos.
A240-200-352
A220-486-565
A220-486-566

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Derly Pesca, and her family, natives and citizens of Colombia, petition pro

se for review of the Board of Immigration Appeals' order dismissing their appeal

from an immigration judge's decision denying their applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

We do not disturb the agency's determination that the petitioners failed to show they suffered harm that rose to the level of persecution. *See Mendez-Gutierrez v. Ashcroft,* 340 F.3d 865, 869 n.6 (9th Cir. 2003) (threats standing alone constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard). Here, although Pesca and her husband experienced vandalism and received threatening notes, the relevant threatening conduct was not so menacing or suggestive of imminent harm as to rise to the level of persecution.

Substantial evidence supports the agency's conclusion that Pesca and her family failed to establish a reasonable possibility of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (holding a fear of future persecution was not objectively reasonable where the possibility of future persecution was "too speculative"). The individual that killed Pesca's cousin was prosecuted and sent to prison, and no harm has come to other family members who

23-3810

have remained in Colombia. Therefore, petitioners' fear of future persecution is not objectively reasonable, and thus, petitioners' asylum claims fail.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to satisfy the more stringent standard for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021).

Substantial evidence also supports the agency's denial of CAT protection because petitioners failed to show that any future torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017). Here, the Colombian government prosecuted the individuals responsible for the death of Pesca's cousin. Therefore, petitioners failed to show the required government acquiescence, and thus, their CAT claims fail.

**PETITION FOR REVIEW DENIED.**